# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JUSTLY ERNEST JOHNSON,

        Defendant-Appellant.

UNPUBLISHED
May 31, 2016

No. 311625
Wayne Circuit Court
LC No. 99-005393-01-FC

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KENDRICK SCOTT,

        Defendant-Appellant.

No. 317915
Wayne Circuit Court
LC No. 99-005393-FC

Before: SERVITTO, P.J., and SAAD and O'BRIEN, JJ.

Servitto, J. (*concurring*).

I agree with the results reached by the majority on all issues. I write separately because with respect to the newly discovered evidence, I would have found that two, rather than one, of the factors relied upon by the trial court in finding Carmous Skinner, Jr.'s testimony not credible was clearly erroneous.

A trial court may evaluate the credibility of a witness in deciding a motion for a new trial. See, e.g., *People v Cress*, 468 Mich 678, 692; 664 NW2d 174 (2003). As correctly noted by the majority, the trial court relied in large part on four factors to find that Skinner was not credible: (1) Skinner was eight years old at the time of the murder and his memory 16 or so years later could not be certain; (2) it would be difficult, at best, for Skinner to see someone outside of the car at night when his view from his position in the passenger seat of the vehicle was at least partially blocked by his mother and the car door, and the only illumination was from the vehicle's interior dome light; (3) Skinner had been convicted for perjury; and (4) Skinner would have likely been asleep at the time of the murder. The majority found (and the prosecution

-1-

conceded) that the trial court's reliance on factor (4) was clearly erroneous because it is speculative and unsupported by the record. I agree with this finding, as well as the majority's findings with respect to factors (1) and (2). However, factor (3), that Skinner had been convicted of perjury, bears very little weight on the issue of whether he was credible in the very specific circumstances for which his testimony in this case would be offered.

It is beyond argument that evidence that a witness has been convicted of a crime which contains an element of dishonesty or false statement may generally be used to attack that witness's credibility. *People v Allen*, 429 Mich 558, 571; 420 NW2d 499, 506 (1988)("[C]rimes having an element of dishonesty or false statement are *directly* probative of a witness' truthfulness . . . ."); MRE 609. Clearly, perjury is a crime containing an element of dishonesty. *People v Allen*, 429 Mich 553, 593–594 n. 15, 420 NW2d 499 (1988). However, this case involves the murder of Skinner's mother. While Skinner's prior perjury conviction establishes that he violated his oath to tell the truth in court on a prior occasion (purportedly to help his best friend), there is no apparent motivation for Skinner to lie to help persons convicted of killing his mother. Given that Skinner's testimony would be presented to assist in proving defendants innocent of killing his mother, I would find that his prior perjury conviction does provide support for finding Skinner not credible as a witness for purposes of determining whether defendants are entitled to a new trial on the basis of newly discovered evidence. Nevertheless, because I agree with the majority that the other two factors relied upon by the trial court to find that Skinner was not credible support its ruling, I am not left with a definite and firm conviction that the trial court's ultimate finding was erroneous.


/s/ Deborah A. Servitto